# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:12CR282 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ROSALINA GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Filing No. 606, entitled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence," submitted by the Defendant, Rosalina Gonzalez. In her motion, the Defendant asks for a sentence reduction based on: (Ground One) "Amendment 794, Minor Role Reduction," and (Ground Two) "2 level Safety Valve Reduction."

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

The Defendant pled guilty to Counts I, II, and IV of a Superseding Indictment (Filing No. 144). Count I alleged conspiracy to distribute methamphetamine, and Counts II and IV alleged money laundering. In the Defendant's Petition to Enter a Plea of Guilty, signed by her on March 23, 2013, and at the Change of Plea hearing held on March 8, 2013, the

Defendant indicated that she: had enough time to talk with her attorney; told her attorney everything about her case; was satisfied with the job he had done; and had no objections to the way her attorney has represented her.  (Filing No. 256 at 1 and 2.)

According to the Second Revised Presentence Investigation Report ("PSR"), the Defendant received the following reductions: a two-level reduction for acceptance of responsibility; and a one-level reduction on the government's motion.  The Defendant did not object to the PSR.  Specifically, the Defendant did not object to the absence of a minor role reduction or the absence of a safety-valve reduction.  On June 3, 2013, the Defendant was sentenced to a term of 135 months for each count, to be served concurrently, followed by a 5-year term of supervised release for Count I and 3-year terms of supervised release for Counts II and IV, all to run concurrently.  The Defendant did not appeal her sentence.

On June 22, 2015, the Court entered an order reducing the Defendant's sentence to 120 months on all counts, to run concurrently, pursuant to Amendment 782 of the United States Sentencing Guidelines.  The Defendant did not appeal the re-sentencing.

The Defendant now refers the Court to Amendment 794 to §3B1.2 of the Sentencing Guidelines, effective November 1, 2015, contending that the Amendment is retroactive, and she suggests the Court conduct a new analysis of her eligibility for a mitigating role reduction based on the non-exhaustive list of factors set out in Application Note 3(C).

First, the Court finds no support for the Defendant's contention that Amendment 794 is retroactive, or that the Defendant is entitled to a new analysis of her eligibility for a mitigating role reduction.  Second, if such an analysis were conducted, the Court would conclude the Defendant is not entitled to a minor role reduction based on the undisputed

facts in the PSR. Third, if the Defendant is suggesting that her counsel was ineffective due to his failure to object to the lack of a minor role reduction in the PSR, her claim is untimely. Under 28 U.S.C. § 2255, a defendant has one year from the date on which the judgment of conviction becomes final to file a § 2255 motion. Similarly, her concerns about her attorney's failure to obtain a safety valve reduction are untimely. See *United States v. Martin,* 408 F.3d 1089, 1090-91 (8th Cir. 2005); *Nichols v. Bowersox,* 172 F.3d 1068, 1072 (8th Cir. 1999) (in the context of 28 U.S.C. § 2244).

## CONCLUSION

The Court has reviewed the record of the proceedings and concludes that the Defendant's Motion Under 28 U.S.C. § 2255 is untimely and without merit.

IT IS ORDERED:

1. Defendant Rosaline Gonzalez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentenced (Filing No. 606) is denied; and

2. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

DATED this 14th day of December, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge